Opinion issued March 13, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00125-CR




SHERLY ANNA LOVING, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 881912
 

 
 
MEMORANDUM OPINION
 
          After a jury convicted appellant, Sheryl Anna Loving, of assault on a public
servant, the trial court assessed punishment at five years’ confinement, suspended the
sentence, and ordered appellant placed on five years’ community supervision. In her
sole point of error, appellant challenges the legal sufficiency of the evidence to
support her conviction. We affirm.
Facts
          While at a Houston bar, appellant and her boyfriend became highly intoxicated. 
After appellant attacked another patron, the bar’s bouncer attempted to calm appellant. 
Appellant’s boyfriend repeatedly jumped on the bouncer’s back, and the three
eventually made their way out the back door of the bar. Off-duty Houston Police
Officer I.A. Rodriguez and another officer, who worked at the bar, were called to help. 
They found appellant screaming obscenities and acting aggressively. The officers
arrested appellant and her boyfriend for public intoxication. While sitting on a curb after her arrest, appellant slipped out of her handcuffs
and sprinted into the roadway. Officer Rodriguez chased appellant, caught her, 
managed to pull her out of the street, and wrestled her to the ground. While Rodriguez
was attempting to handcuff appellant, she fought him and scratched him on the neck
with her fingernail. Rodriguez sustained a scratch injury that measured about three
inches long. The scratch broke the skin, bled, and hurt. Officer Rodriguez was treated
at the scene for potential infection. 
Legal Sufficiency Challenge
          A challenge to the legal sufficiency of the evidence to support a criminal
conviction questions whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the
evidence, in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
          A person commits the offense of felony assault by causing bodily injury to a
public servant while the public servant is performing official duties, and the person
knows the assaulted person is a public servant. Tex. Pen. Code Ann. §§
1.07(41)(A), 22.01(a)(1), and 22.01(b)(1) (Vernon 1994 & Supp. 2003).  
          Appellant contends that the State did not offer legally sufficient evidence to
prove that she caused bodily injury to Officer Rodriguez. Appellant concedes that
“bodily injury” includes physical pain, illness, or any impairment of physical
condition, but claims that Officer Rodriguez did not sustain any of these. See Tex.
Pen. Code Ann. §1.07(a)(8) (Vernon 1994). 
          Viewed in the light most favorable to the conviction, the evidence shows that
appellant scratched Officer Rodriguez in her attempt to evade recapture and inflicted
a wound. The officer’s wound is readily apparent in a photograph the state
introduced into evidence. The record also reflects that Rodriguez testified that he not
only felt appellant scratching him, but that the scratch “hurt.” 
          Appellant’s scratching Rodriguez with enough force to inflict a wound that
bled and caused pain is legally sufficient evidence from which any rational fact finder
could have found beyond a reasonable doubt that appellant caused Officer Rodriguez
bodily injury. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).